UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

BOB WILLIAMS                                                                                       PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:10CV-P123-M

MONROE COUNTY, KENTUCKY *et al.*                                   DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

**I.**

Plaintiff Bob Williams, a state inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Monroe County and Monroe County Deputy Sheriffs Lucas Geralds and Kevin Webb, in their individual capacities. Plaintiff seeks monetary and punitive damages for violation of his Fourth Amendment right against unreasonable search and seizure. He alleges that on November 3, 2005, Defendants Geralds and Webb and two state officers went to his residence with an arrest warrant for Brenda Kirk, whom they suspected was staying with Plaintiff. After a few minutes of "knocking and announcing," the officers burst open the door and then "proceeded to illegally search [Plaintiff's] house without first obtaining a search warrant." The officers seized property, and Plaintiff was subsequently arrested and indicted by the grand jury on February 21, 2007. He eventually went to trial on charges of trafficking in a controlled substance and for being a persistent felony defender, and in April 2010, he was found not guilty.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. The Supreme Court has held that when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). In cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *See Wallace v. Kato*, 549 U.S. 384 (2007). Thus, the statute of limitations challenging an unlawful search and seizure accrues at the time of the search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ( "Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure.").

In this case, Plaintiff's § 1983 claims arise out of police conduct that occurred during the search and seizure on November 3, 2005. Plaintiff knew or should have known of the injury that formed the basis of his illegal search on that date. The statute of limitations for Plaintiff's § 1983 cause of action, therefore, accrued on November 3, 2005, and expired one year later on November 3, 2006. Plaintiff did not file the current action until well over three years later on July 28, 2010, the date on which he certified the complaint was delivered to the prisoner mail system for mailing. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) ("[A] pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court."). As such, Plaintiff's unlawful search and seizure claims are time-barred.

Plaintiff relies on *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999), in arguing that although the illegal search and seizure occurred on November 3, 2005, the cause of action did not accrue until April 2010, when the jury acquitted him of the criminal charges. In *Shamaeizadeh*, the Sixth Circuit held that "the concerns of *Heck* [*v. Humphrey*][1] apply pre-conviction as well as post-conviction." *Shamaeizadeh*, 182 F.3d at 398. "In no uncertain terms, however, the Court in *Wallace* [*v. Kato*, 549 U.S. 384 (2007)][2] clarified that the *Heck* bar

---

[1] In *Heck*, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

[2] In *Wallace*, the Supreme Court observed:

What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck*: that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be

has no application in the pre-conviction context." *Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007). The Supreme Court's decision in *Wallace*, therefore, "effectively abrogates the holding in *Shamaeizadeh*." *Fox*, 489 F.3d at 233; *see also Kamar v. Krolczyk*, No. 1:07-CV-0340 AWI TAG, 2008 WL 2880414, at *7 (E.D. Cal. July 22, 2008) ("In light of *Wallace*, the *Heck* bar did not prohibit Plaintiff from filing this action until the criminal charges against him were dismissed.").

Finding the action time-barred, the Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Monroe County Attorney
4414.005

---

obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict-all this at a time when it can hardly be known what evidence the prosecution has in its possession. And what if the plaintiff (or the court) guesses wrong, and the anticipated future conviction never occurs, because of acquittal or dismissal? Does that event (instead of the *Heck*-required setting aside of the extant conviction) trigger accrual of the cause of action? Or what if prosecution never occurs-what will the trigger be then?

We are not disposed to embrace this bizarre extension of *Heck*. If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace*, 549 at 393-94 (citations omitted)