UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

BOB WILLIAMS                                                                          PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:10CV-P123-M

MONROE COUNTY, KENTUCKY *et al.*                            DEFENDANTS

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for appointment of counsel.

In a civil case such as this action brought under 42 U.S.C. § 1983, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

Although claimed otherwise by Plaintiff, the Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. By separate Memorandum Opinion

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

and Order, this Court has dismissed this action as untimely. Thus, there is no likelihood of success. Plaintiff does allege that an inmate legal aide "has prepared and is presenting this complaint" on Plaintiff's behalf. The Court clarifies that while an inmate legal aide may assist another prisoner in the preparation and prosecution of the prisoner's complaint, an inmate legal aide is prohibited from representing the other prisoner's legal interests or otherwise acting on behalf of the other prisoner. Moreover, it appears that the legal aide in the instant case merely assisted Plaintiff in the preparation of his claims as Plaintiff alleges no impairment that prevents him from acting on his own behalf. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel.

**IT IS THEREFORE ORDERED** that the motion for appointment of counsel (DN 2) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
4414.005